IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY BURTON #836846 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv328 |
| PAUL WILDER, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Bobby Burton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Burton named a State Classification Committee member named Paul Wilder and two officials at the Coffield Unit, Warden Kevin Wheat and classification chief Deanna Francis.

In his complaint, Burton argued that he had been in administrative segregation for "too long," even though he has displayed "excellent behavior." He said that he had been promised by the State Classification Committee that he would be released "soon," but this has not yet happened. Burton sought only injunctive relief, in the form of an order releasing him from segregation.

Burton also argued that his continued confinement to administrative segregation violated his right to due process, explaining that he was placed in segregation after he had a fight with another inmate who died as a result. He described himself as "not a violent man" and said that being in a cell for 23 hours a day is unhealthy and that it is harming his educational prospects, and that he would like to be removed from segregation and placed back on safekeeping.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that in the absence of extraordinary circumstances, administrative segregation does not impose a significant and atypical hardship upon inmates in relation to the ordinary incidents of prison life, and so no constitutionally protected liberty interest is implicated. The Magistrate Judge stated that Burton had not shown that extraordinary circumstances existed or that the conditions of his confinement amounted to cruel or unusual punishment. As a result, the Magistrate Judge concluded that Burton's lawsuit was frivolous and failed to state a claim upon which relief could be granted.

A copy of the Magistrate Judge's Report was sent to Burton at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this Memorandum Opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 14th day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**